IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

KIRK D. CARTER,

     Plaintiff,

v.                                                                    No. 1:26-01057-STA-jay

TRE HARGETT, *in his official capacity as*
*Tennessee Secretary of State*; and
GIBSON COUNTY ELECTION COMMISSION,

     Defendants.

---

## REPORT AND RECOMMENDATION

---

On March 17, 2026, Plaintiff Kirk D. Carter, who alleges that he is "a qualified independent candidate for the Tennessee House District 79," brought this action against Defendants Tre Hargett, in his official capacity as the Tennessee Secretary of State, and the Gibson County Election Commission, seeking to enjoin them from printing ballots that do not identify him by his preferred political designation. (Docket Entry ["D.E."] 1). Carter contends that Tennessee Code Annotated §§ 2-5-203 and 2-5-208 violate his First and Fourteenth Amendment rights by requiring his name to appear on the ballot as an "Independent" candidate rather than as an "Independent Conservative" candidate. (*Id*. at 1 ¶ 1). Because Carter is proceeding *pro se*, this case has been referred to the undersigned United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05.

Federal Rule of Civil Procedure 65 governs the issuance of injunctions and restraining orders and permits the Court to grant two types of injunctive relief: a preliminary injunction and a temporary restraining order ("TRO"). *Lane v. Pennymac Loan Servs., LLC*, No. 1:24-cv-1227-

1

STA-jay, 2024 WL 5411524, at *1 (W.D. Tenn. Dec. 17, 2024). "The only type of injunctive relief that a district court may issue *ex parte* [without notice] is a temporary restraining order." *Id.* (quoting *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993)). A "court may issue a [TRO] without written or oral notice to the adverse party or its attorney only if" the moving party satisfies two requirements. Fed. R. Civ. P. 65(b)(1). First, the moving party must present "specific facts in an affidavit or a verified complaint [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Second, the moving party must certify "in writing any efforts made to give notice and the reasons why notice should not be required." Fed. R. Civ. P. 65(b)(1)(B); *see also* Local R. 65.1 (stating that the Court will consider an application for a TRO only if the moving party has complied "with the notice provisions" of Rule 65).

Here, Carter submitted an affidavit in which he describes the irreparable harm he contends that he will suffer without the injunctive relief he requests. (*See* D.E. 1-1). Thus, he has complied with Fed. R. Civ. P. 65(b)(1)(A). Carter has not, however, certified in writing any efforts made to give notice to Defendants and the reasons why notice should not be required as mandated by Rule 65(b)(1)(B). Rather, Carter merely states in his Motion: "I certify I will serve this on Defendant via certified mail." (D.E. 1 at 2). Because Carter has not complied with the notice provisions of Rule 65(b), it is RECOMMENDED that his motion for a temporary restraining order be DENIED.

Carter's request for a preliminary injunction will be evaluated after Defendants have received notice of the relief he requests.

Respectfully submitted, this the 20th day of March, 2026.

s/Jon A. York
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDATION DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**