**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| **KIRK CARTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 1:26-cv-1057-STA-jay** |
| | ) | |
| **TRE HARGETT, Secretary of State of** | ) | |
| **Tennessee, and GIBSON COUNTY** | ) | |
| **ELECTION COMMISSION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING
ORDER**

On March 19, 2026, the United States Magistrate Judge issued a report and recommendation (ECF No. 5) that the Court deny Plaintiff Kirk Carter's Motion for Temporary Restraining Order (ECF No. 1), which was part of the relief requested in Plaintiff's Pro Se Complaint. According to the pleadings, Plaintiff is an independent candidate for Tennessee House District 79. Under Tennessee law, the ballot in Plaintiff's race can only state that Plaintiff is an "Independent." Plaintiffs alleges that he has campaigned as an "Independent Conservative" and therefore wants the ballot to identify him as such. The Magistrate Judge has recommended that the Court deny Plaintiff's request for a TRO for failure to satisfy the notice requirements of Federal Rule of Civil Procedure 65. Plaintiff has objected to the report and recommendation, though Plaintiff does not deny that he has not given notice to either Defendant of the ex parte injunctive relief he seeks in the TRO.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by

1

permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869-70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). The United States District Court for the Western District of Tennessee adopted Administrative Order 2013-05 for this very purpose, referring all cases filed by non-prisoner plaintiffs to a United States Magistrate Judge for management of all pretrial matters. While "a district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C), the district court is not required to review (under a de novo or any other standard) "any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.* at 151.

The Court holds that Carter has not shown any error of law in the Magistrate Judge's recommended disposition of Plaintiff's Motion for a TRO. The Magistrate Judge correctly found that Plaintiff had failed to meet either of the requirements of Rule 65(b)(1). Federal Rule of Civil Procedure 65(b) provides that "the court may issue a [TRO] without written or oral notice to the adverse party or its attorney only if" the moving party satisfies two requirements. Fed. R. Civ. P. 65(b)(1). First, the moving party must present "specific facts in an affidavit or a verified complaint [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Second, the moving party must certify "in writing any efforts made to give notice and the reasons why notice should not be required." Fed. R. Civ. P. 65(b)(1)(B); *see also* Local R. 65.1 (stating that the Court will consider an application for a TRO only if the moving party has complied "with the notice provisions" of Rule 65).

Plaintiff has not provided specific facts to support his request for the TRO in an affidavit or a verified complaint.  Plaintiff has signed his Pro Se Complaint.  However, signing the paper by itself does not meet the standards for an affidavit or a verified pleading.  Fed. R. Civ. P. 11(a) (requiring an unrepresented party to sign "every pleading, written motion, and other paper" and to go further by verifying a pleading or including an affidavit where another rule otherwise mandates it).  As for the second requirement to proceed without notice, Plaintiff has not certified "in writing any efforts made to give notice and the reasons why notice should not be required." Fed. R. Civ. P. 65(b)(1)(B).  Plaintiff did not include a certificate of service much less a certificate of consultation, indicating that he has conferred with opposing counsel about the TRO. Plaintiff has not therefore carried his burden to show "reasons why [notice] should not be required" as mandated by Rule 65(b)(1)(B).

In sum, Plaintiff has requested extraordinary relief but failed to take the steps required under Rule 65(b)(1) to receive it.  Therefore, the Motion for TRO is **DENIED** without prejudice to Plaintiff's right to refile it in a way that complies with Rule 65(b)(1).  The Court hereby **ADOPTS** the Magistrate Judge's report and recommendation and recommits the case to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 30, 2026

3