**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| KIRK CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:26-cv-1057-STA-jay |
| | ) | |
| TRE HARGETT, Secretary of State of | ) | |
| Tennessee, and GIBSON COUNTY | ) | |
| ELECTION COMMISSION, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

On April 28, 2026, the United States Magistrate Judge issued a report and recommendation (ECF No. 15) that the Court deny Plaintiff Kirk Carter's Motion for Preliminary Injunction (ECF No. 7).  According to the pleadings, Plaintiff is an independent candidate for Tennessee House District 79.  Under Tennessee law, the ballot in Plaintiff's race can only state that Plaintiff is an "Independent." Plaintiffs alleges that he has campaigned as an "Independent Conservative" and therefore wants the ballot to identify him as such.  The Magistrate Judge has recommended that the Court deny Plaintiff's request for a preliminary injunction, first because Plaintiff has not yet properly served Defendants and also because Plaintiff cannot meet the requirements for injunctive relief.  Plaintiff has not objected to the report and recommendation, and the time to do so has now expired.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869-70

1

(1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). The United States District Court for the Western District of Tennessee adopted Administrative Order 2013-05 for this very purpose, referring all cases filed by non-prisoner plaintiffs to a United States Magistrate Judge for management of all pretrial matters. While "a district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C), the district court is not required to review (under a de novo or any other standard) "any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.* at 151.

Plaintiff having raised no objection to the report and recommendation, the Court hereby **ADOPTS** the Magistrate Judge's report and recommendation. The Motion for Preliminary Injunction is **DENIED**. The Court recommits the case to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: May 18, 2026

2