IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

KIRK D. CARTER,

      Plaintiff,

v.                                                                      No. 1:26-01057-STA-jay

TRE HARGETT, *in his official capacity as*
*Tennessee Secretary of State*; and
GIBSON COUNTY ELECTION COMMISSION,

      Defendants.

---

## REPORT AND RECOMMENDATION

---

Plaintiff Kirk D. Carter, proceeding *pro se*,[1] brought this action against Defendants Tre

Hargett, in his official capacity as the Tennessee Secretary of State, and the Gibson County

Election Commission. The undersigned RECOMMENDS that this matter be dismissed pursuant

to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply

with a court order.

I.

On March 17, 2026, Carter filed this action seeking to enjoin Defendants from printing

ballots that do not identify him by his preferred political designation. (Docket Entry ["D.E."] 1).

Carter contends that Tennessee Code Annotated §§ 2-5-203 and 2-5-208 violate his First and

Fourteenth Amendment rights by requiring his name to appear on the ballot as an "Independent"

candidate rather than as an "Independent Conservative" candidate. (*Id.* at 1 ¶ 1).

---

[1] This case has been referred to the undersigned United States Magistrate Judge for management of all pretrial
matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05.

1

On March 19, 2026, the undersigned Magistrate Judge recommended that Carter's request for a preliminary injunction be denied because he did not comply with the notice provisions of Rule 65(b) of the Federal Rules of Civil Procedure. (D.E. 5). Carter objected to the Report and Recommendation. (D.E. 8). The Court overruled Carter's objection and adopted the Report and Recommendation on March 30, 2026. (D.E. 10).

On March 25, 2026, Carter again moved for a preliminary injunction. (D.E. 7). On March 31, 2026, Carter filed returned summonses for Defendants Hargett and the Gibson County Election Commission. (D.E. 11). On April 8, 2026, counsel for Defendant Hargett filed a notice of appearance and a response in opposition to Carter's motion for preliminary injunction. (D.E. 12, 13). In the notice of appearance and response in opposition to Carter's injunctive request, Defendant Hargett raised improper service of process. (*See id*.) The undersigned issued a recommendation on April 28, 2026, that Carter's motion for preliminary injunction be denied because Carter had not properly served the Defendants and the Court, and therefore, lacked personal jurisdiction over both Defendants. (D.E. 15). The Court adopted the April 28, 2026, Report and Recommendation on May 18, 2026. (D.E. 16).

On June 22, 2026, the Court ordered Carter to file a status report advising the Court as to what steps had been taken to effectuate service on Defendants. (Docket Entry ["D.E."] 17). Carter's deadline to file a status report was no later than 14 days from the date that the June 22, 2026, Order was entered. (*Id*.) In that Order, the Court warned:

> Failure to respond to this Order may result in sanctions, including a recommendation that this matter be dismissed for failure to prosecute and/or failure to comply with a court order pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(*Id*.) The 14-day deadline to file the status report has passed and Carter has not filed the required status report.

II.

Under Rule 41(b) of the Federal Rules of Civil Procedure, courts have the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute.") (citations omitted).

When contemplating dismissal of a case under Rule 41(b), a court must consider four factors:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). In the present case, these factors weigh in favor of dismissal.

Under the first factor, to support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault, the Sixth Circuit has found that a plaintiff's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (brackets and internal quotation marks omitted); *see also Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (affirming dismissal and finding the plaintiff's conduct to be "stubbornly disobedient and willfully contemptuous" where plaintiff failed to respond to discovery requests and a motion

3

to compel, failed to comply with a court order, and failed to oppose a motion to dismiss even after the district court granted an extension of time to do so). Here, Carter has failed to respond to the Court's June 22, 2026, Order. Carter's disregard for the Court's order to file a status report clearly evidences his reckless disregard for how his actions or inactions impact his case.

Regarding the second factor, the Sixth Circuit has held that a defendant is prejudiced by a plaintiff's conduct where a defendant "waste[d] time, money, and effort in pursuit of cooperation which [plaintiff] was legally obligated to provide." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008). Here, although Carter has not properly served Defendants, Defendant Hargett has expended resources in responding to Carter's request for a preliminary injunction. Hargett's efforts to defend this action appear to be a waste of time and money as Carter appears to have abandoned this case due to his failure to file the status report he was ordered to do or to take steps to properly serve Defendants. Thus, the second factor weighs in favor of dismissal.

As for the third factor, the Sixth Circuit has consistently held that "[p]rior notice, or the lack thereof, is . . . a key consideration" in determining whether a district court abused its discretion in dismissing a case for failure to prosecute. *Schafer*, 529 F.3d at 737; *see also Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998). Carter has been advised that failure to respond to the Court's show cause order could result in dismissal for failure to comply with an order of the Court and/or failure to prosecute. Thus, this factor weighs in favor of dismissal.

Finally, the Sixth Circuit has found that Orders to Show Cause are sufficient to satisfy the fourth factor in the test for failure to prosecute. *Rogers v. City of Warren*, 302 F. App'x 371, 378 (6th Cir. 2008). In *Rogers*, the Sixth Circuit accepted the district court's reasoning that:

> In light of Plaintiff's repeated failure to appear, it is difficult to conceive the manner in which any other sanction imposed by the Court would impact the Plaintiff's conduct. The Plaintiff has not responded in any discernible manner to the Court's

order to show cause—therefore, it is highly unlikely that any order imposing a lesser sanction would trigger a response.

*Id*. In this case, given Carter's failure to comply with and to respond to the Court's order to submit a status report, the undersigned concludes that there is no sanction less drastic than dismissal that would be appropriate under the circumstances.

III.

Accordingly, the undersigned **RECOMMENDS** that this case be dismissed without prejudice under Fed. R. Civ. P. 41(b) for Plaintiff Kirk D. Carter's failure to prosecute his case and comply with a court order.

Respectfully submitted, this the 13th day of July, 2026.

s/Jon A. York
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDATION DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**